UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22363-CV-GAYLES
MAGISTRATE JUDGE REID

JEAN COTY RIDORE,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

### REPORT OF MAGISTRATE JUDGE

#### I.  Introduction

The *pro se* petitioner, Jean Coty Ridore, filed this petition for writ of habeas corpus, along with thirty-five pages of exhibits, pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence entered following a jury verdict in Miami-Dade County Case No. F15-20650. [ECF No. 1].

This Cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-2; and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Undersigned has reviewed the instant federal habeas petition [ECF No. 1], together with the online criminal trial docket of Case No. F15-20650, and the

online appellate dockets of the Third District Court of Appeals (Third DCA) Case Nos. 3D18-2585, 3D19-1859, and 3D20-135. No order to show cause has been issued because the petition, as filed, is subject to DISMISSAL.

## II.  Claims

Petitioner challenges his conviction and sentence alleging a *Brady* violation and that the charging document in his criminal case was defective and fraudulent. [ECF No. 1 at 6-10]. Review of the online criminal docket reveals that a jury convicted him of unlawful compensation, official misconduct, and third-degree grand theft. Petitioner asserts that he was sentenced to six years in prison and "two (2) years C.R.D./7 years prob." [*Id*. at 1]. Petitioner seeks habeas relief but does not address the timeliness of his petition. [*Id*. at 15-16].

Review of the online criminal trial docket and the appellate dockets of the Third District Court of Appeals (Third DCA) confirms that Petitioner's direct appeal of his criminal conviction and sentence is currently pending in Case No. 3D18-2585. Petitioner also filed appeals in the Third DCA on his criminal habeas petition, which was immediately denied in Case No. 3D19-1859, and a criminal certiorari petition in Case No. 3D20-135, which was dismissed on April 17, 2020, pursuant to *Logan v. State*, 846 So. 2d 472 (Fla. 2003).

## III.  Discussion

*A.  Dismissal is Warranted because the § 2254 Petition is Premature*

It is well settled that collateral claims brought forth pursuant to 28 U.S.C. § 2254 should not be entertained while a direct appeal is pending. *McIver v. United States,* 307 F.3d 1327 n.2 (11th Cir. 2002) (citing *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968) (binding authority in the Eleventh Circuit under *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*)). In *McIver*, the Eleventh Circuit reasoned that dismissal is appropriate because:

> [T]here are significant inefficiencies to any other approach. If the district court were to deny a collateral claim under a different standard of review than applies on direct appeal, then the defendant might be entitled to relitigate the same claim in his reinstated direct appeal. Moreover, both the government and the petitioner could pursue collateral appellate proceedings on other claims that the outcome of the direct appeal might render unnecessary.

As to Petitioner's claims, they should be dismissed without prejudice to the filing of a § 2254 petition once his conviction becomes final after resolution of his direct appeal. This is true because an order granting a § 2254 petition and reimposing the same sentence, "resets to zero the counter of collateral attacks pursued," and therefore "does not render subsequent collateral proceedings second or successive." *McIver*, 307 F.3d at 1332 (citations omitted).

### B. Exhaustion of State Remedies is Required

A thorough analysis of the exhaustion issue is warranted. It is axiomatic that issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted prior to their consideration on the merits.

3

*Anderson v. Harless*, 459 U.S. 4 (1982); *Hutchings v. Wainwright*, 715 F.2d 512 (11th Cir. 1983). Exhaustion requires that a claim be pursued in the state courts through the appellate process. *Leonard v. Wainright*, 601 F.2d 807 (5th Cir. 1979). Both the factual substance of a claim and the federal constitutional issue itself must have been expressly presented to the state courts to achieve exhaustion for purposes of federal habeas corpus review. *Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion also requires review by the state appellate and post-conviction courts. *See Mason v. Allen*, 605 F.3d 1114 (11th Cir. 2010); *Herring v. Sec'y Dep't of Corr.*, 397 F.3d 1338 (11th Cir. 2005). In Florida, exhaustion is ordinarily accomplished on direct appeal. If not, it may be accomplished by the filing of a Rule 3.850 motion and an appeal from its denial, *Leonard*, 601 F.2d at 808, or, in the case of a challenge to a sentence, by the filing of a Rule 3.800 motion and an appeal from its denial. *See Caraballo v. State*, 805 So. 2d 882 (Fla. 2d DCA 2001).

"It is not sufficient merely that the federal habeas petitioner has been through the state courts . . . nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317 (11th Cir. 2004) (citing *Picard v. Connor*, 404 U.S. at 275-76; *Anderson v. Harless*, 459 U.S. at 6). A petitioner is required to present his claims to the state courts such that the courts have the "opportunity to apply controlling legal principles to the facts bearing upon [his]

4

constitutional claim." *Picard v. Connor*, 404 U.S. at 275-77. To satisfy this requirement, "[a] petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his federal rights." *Jimenez v. Fla. Dep't. of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

"A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin*, 541 U.S. at 32.

To circumvent the exhaustion requirement, Petitioner must establish that there is an "absence of available state corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B); *see Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Petitioner makes no such showing here; rather, his conviction is not final because his direct appeal is pending. Failure to exhaust a claim can result in a procedural default bar in federal court if it is obvious that the unexhausted claim would now be procedurally barred in state court. *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). The federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Id.* at 1303. However, a petitioner can avoid

the application of procedural default by establishing objective cause for failing to properly raise the claim in state court and actual prejudice from the alleged constitutional violation. *Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1179-80 (11th Cir. 2010).

To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999); *see also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate there is a reasonable probability the outcome of the proceeding would have been different. *See Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Here, Petitioner came to this Court instituting the instant *pro se* federal habeas proceeding. Review of the underlying trial and appellate dockets reveal that Petitioner is currently in the process of challenging the lawfulness of his conviction and sentence at the state appellate level and in this federal district court. Petitioner acknowledges the same. He has not yet exhausted his state remedies and may well get the relief he seeks from the Third DCA. *See Leonard*, 601 F.2d at 808. His petition is premature at best.

While this federal petition is likely timely, in order for any future federal petition to not be time-barred, Petitioner is advised that he must comply with the federal one-year statute of limitation requirement. *See* 28 U.S.C. § 2244(d)(1)-(2).

Petitioner may return to this Court after all state post-conviction proceedings, including his direct appeal, have concluded so long as the limitations period has not expired. Petitioner is cautioned he should do so expeditiously.

In sum, dismissal of the instant petition is warranted under the circumstances of this case. *See Jimenez v. Florida Dep't of Corr.*, 481 F.3d at 1342. Absent a showing that state remedies are inadequate, Petitioner cannot proceed in this Court. Only after state post-conviction proceedings are concluded in the state courts may Petitioner challenge his conviction and sentence by way of a federal petition under § 2254.

## IV.   Recommendation

Based upon the foregoing, it is recommended that this petition for habeas corpus relief be DISMISSED WITHOUT PREJUDICE and that the case CLOSED.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a de novo determination by the District Court Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 16th day of June, 2020.

                                                                                           UNITED STATES MAGISTRATE JUDGE

cc:    Jean Coty Ridore
       U80125
       Suwannee Correctional Institution
       Inmate Mail/Parcels
       5964 US Highway 90
       Live Oak, FL 32060
       PRO SE

       Noticing 2254 SAG Miami-Dade/Monroe
       Email: CrimAppMIA@MyFloridaLegal.com